# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 29, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS CARPENTER,**
**Claimant Below, Petitioner**

vs.)    **No. 18-0111** (BOR Appeal No. 2052199)
(Claim No. 2016008697)

**GMS MINE REPAIR AND MAINTENANCE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Carpenter, by William C. Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. GMS Mine Repair and Maintenance, Inc., by Sean Harter, its attorney, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 10% permanent partial disability award on March 21, 2016. The Office of Judges reversed the decision in its August 23, 2017, Order and granted no award. The Order was affirmed by the Board of Review on January 11, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Carpenter, a coal miner, alleges that he developed occupational pneumoconiosis as a result of his employment. A February 4, 2015, treatment note by Melvin Saludes, M.D., indicates he was diagnosed with chronic obstructive pulmonary disease. Pulmonary studies showed an FEV1 that was 63% of predicted with an FEV1/FVC ratio of 51% of predicted. Dr. Saludes found that Mr. Carpenter had significant airflow obstruction with some responsiveness to bronchodilators. This was consistent with chronic obstructive pulmonary disease, likely caused by his cigarette smoking history of seventy-eight pack years. Coal dust was noted to be a possible contributor. Mr. Carpenter's pulmonary impairment was found to be 40%. In a March

1

13, 2015, addendum, Dr. Saludes reviewed February 4, 2015, chest x-rays and found no parenchymal or pleural abnormalities consistent with occupational pneumoconiosis.

Mr. Carpenter completed a report of occupational pneumoconiosis on July 27, 2015. He indicated he was last exposed to the hazards of occupational pneumoconiosis on December 11, 2013, when he was laid off. Mr. Carpenter stated that he was diagnosed with occupational pneumoconiosis by Dr. Saludes on February 4, 2015. The Occupational Pneumoconiosis Board evaluated Mr. Carpenter on January 19, 2016. It found that he was exposed to the hazards of occupational pneumoconiosis for fourteen years as an underground coal miner, miner operator, roof bolter, shuttle car operator, and foreman. He was diagnosed with chronic obstructive pulmonary disease in 2015 and uses bronchodilators. The Occupational Pneumoconiosis Board found that chest x-rays showed insufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis. However, the Board concluded that there was sufficient evidence to justify a diagnosis of occupational pneumoconiosis with 10% impairment attributable to the disease. Based on the Occupational Pneumoconiosis Board's findings, the claims administrator granted a 10% permanent partial disability award for occupational pneumoconiosis on March 21, 2016.

Mr. Carpenter completed a set of interrogatories for the employer in which he indicated that he smoked one pack of cigarettes a day for thirty-eight or thirty-nine years. He stopped smoking in 2009. Mr. Carpenter was treated by Attila Lenkey, M.D., on June 20, 2016. He had a FEV1 of 58% and a FEV1/FVC ratio of 50%. His 40% impairment had not changed. Dr. Lenkey opined that Mr. Carpenter's lung disease was caused by a mixture of longstanding dust exposure and cigarette smoking. In an August 19, 2016, addendum, Dr. Lenkey stated that the June 20, 2016, chest x-rays, interpreted by Jeffrey Unger, M.D., showed interstitial opacities consistent with pneumoconiosis. He opined that the 40% impairment was directly caused by Mr. Carpenter's long history of dust exposure.

The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on July 6, 2016. Jack Kinder, M.D., stated that Mr. Carpenter's diffusion study indicates impairment greater than 10%, but the clinical findings support adjustment of impairment to 10%. Dr. Kinder opined that the Board may have missed the opportunity to review some medical records from Dr. Saludes and that he would feel more comfortable if it could do so. He found no indication for impairment above 10%. Bradley Henry, M.D., also of the Occupational Pneumoconiosis Board, concurred with Dr. Kinder. Johnsey Leef, M.D., stated that he was unable to make a diagnosis of occupational pneumoconiosis.

On July 15, 2016, the claims administrator found that the claim was non-presumptive. On August 12, 2017, Danielle Seaman, M.D., interpreted the June 20, 2016, chest x-ray. She found no opacities to suggest occupational pneumoconiosis, and she opined that the chest x-ray was normal with no findings consistent with occupational pneumoconiosis.

The Occupational Pneumoconiosis Board testified in a second hearing before the Office of Judges on July 19, 2017. It was noted that the claim was now non-presumptive. John Willis, M.D., testified on behalf of the Board that he found insufficient evidence to establish a diagnosis of occupational pneumoconiosis, though it was a close case. He agreed with Dr. Seaman's

negative x-ray interpretation. He also agreed with Dr. Leaf's interpretation of the Board's January 19, 2016, x-ray. Dr. Kinder testified that since the case is now non-presumptive, he believed that there was insufficient evidence to diagnose occupational pneumoconiosis. He stated that he found that Mr. Carpenter has no occupational pneumoconiosis or any permanent impairment as a result. Mr. Carpenter does have some pulmonary impairment; however, he has a non-occupationally related lung disease. At the initial evaluation before the Board, the majority of his impairment was found to be the result of cigarette smoking and non-occupational bronchospastic disease. Dr. Kinder noted that Mr. Carpenter was diagnosed with chronic obstructive pulmonary disease in 2015. Dr. Kinder stated that Mr. Carpenter's smoking history is sufficient to have caused permanent pulmonary impairment. Mallinath Kayi, M.D., concurred that Mr. Carpenter did not have occupational pneumoconiosis or any impairment attributable to the disease.

The Office of Judges reversed the claims administrator's grant of a 10% permanent partial disability award and granted no award in its August 23, 2017, Order. It determined that the Occupational Pneumoconiosis Board testified in a hearing that there was insufficient evidence to establish a diagnosis of occupational pneumoconiosis. Dr. Kinder stated that Mr. Carpenter's smoking history is sufficient to have caused permanent pulmonary impairment. Further, Drs. Saludes and Seaman both interpreted the chest x-rays as being negative for occupational pneumoconiosis. The Office of Judges concluded that the findings of the Occupational Pneumoconiosis Board were not clearly wrong and that Mr. Carpenter has no evidence of occupational pneumoconiosis and no impairment from the condition. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 11, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The Occupational Pneumoconiosis Board's determination is supported by the evidence of record. The Office of Judges and Board of Review committed no error in relying on its opinion and finding that Mr. Carpenter is entitled to no permanent partial disability award for occupational pneumoconiosis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 29, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

3